Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
Based upon defendants' stipulations, the Full Commission makes the following:
 FINDINGS OF FACT
1. At all times from 1 January 1998 through 15 January 2000, defendant Herbie's Place was a limited liability company operating a restaurant business in Guilford County.
2. Defendant Bill Kennedy was a corporate officer with the authority and ability to bring the defendant-employer into compliance with N.C. Gen. Stat. § 97-93.
3. At all times from 1 January 1998 through 15 January 2000, defendant-employer regularly employed three or more persons.
4. At all times from 1 January 1998 through 15 January 2000, defendant-employer was subject to and bound by the provisions of the North Carolina Workers' Compensation Act and was required to acquire and maintain a policy of workers' compensation insurance covering its employees.
5. At all times from 1 January 1998 through 15 January 2000, defendant-employer failed to maintain a policy of workers' compensation insurance covering its employees and Bill Kennedy failed to exercise his authority and ability to bring defendant-employer into compliance with N.C. Gen. Stat. § 97-93.
6. On 1 January 2000, defendant-employer's employee, Michael Johnson, sustained an injury by accident arising out of and in the course of his employment with defendant. Defendant-employer denied liability for this employee's claim and paid the employee no compensation. As a result of his injury, employee Michael Johnson is entitled to medical and disability compensation from defendant-employer.
7. Defendant-employer failed to maintain a policy of workers' compensation insurance for a total of 744 days.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. From 1 January 1998 through 15 January 2000, defendant-employer regularly employed three or more persons and was therefore subject to and bound by the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2.
2. From 1 January 1998 through 15 September 2000, a total of 744 days, defendant-employer failed to comply with N.C. Gen. Stat. § 97-93
by failing to maintain a policy of workers' compensation insurance covering its employees.
3. For its failure to comply with N.C. Gen. Stat. § 97-93, defendant-employer is subject to a civil penalty not less than $50.00 per day nor more than $100.00 per day for each day of its failure to comply with N.C. Gen. Stat. § 97-93.
4. The civil penalty provisions of N.C. Gen. Stat. § 97-94(b) are mandatory and the penalty may not be reduced or remitted unless the employer pays the employee the compensation due the employee under the Act. N.C. Gen. Stat. § 97-94(d).
5. From 1 January 1998 through 15 January 2000, defendant Bill Kennedy possessed the ability and authority to bring defendant-employer into compliance with N.C. Gen. Stat. § 97-93, but failed and neglected to do so.
6. For his failure to bring defendant-employer into compliance with N.C. Gen. Stat. § 97-93, Bill Kennedy may be assessed a civil penalty in an amount up to 100% of the amount of the compensation due Michael Kennedy, as ordered by the Commission in I.C. No. 006636.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant-employer shall pay the North Carolina Industrial Commission a civil penalty of $37,200.00 pursuant to N.C. Gen. Stat. § 97-94.
2. Defendant shall pay $37,200.00 by certified check made payable to the North Carolina Industrial Commission. This amount shall be paid in full within 30 days of the date of this Order.
3. Defendant Bill Kennedy shall pay the North Carolina Industrial Commission a civil penalty in an amount equal to 100% of the medical and disability compensation due to Michael Johnson. To the extent that the medical and disability compensation has accrued, defendant Bill Kennedy shall pay that amount to the Industrial Commission within 30 days of the date of this order by certified check. As the compensation due to Michael Johnson accrues on a quarterly basis, defendant Bill Kennedy shall pay a civil penalty to the Industrial Commission within 30 days of the end of the previous quarter. These amounts shall be paid to the North Carolina Industrial Commission by certified check.
4. These civil penalties may be reduced only if defendants pay Michael Johnson all compensation computed to be due and payable under the North Carolina Workers' Compensation Act as of the date of this Order.
5. Defendants shall pay the costs.
This the ___ day of October, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER